```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**JOHNNY HOGUE,**

                             **Plaintiff,**

                                                              **CIVIL ACTION**
              **vs.**                                                   **No. 05-3242-SAC**

**KANSAS DEPARTMENT OF**
**CORRECTIONS, et al.,**

                             **Defendants.**


<u>**ORDER**</u>

    This matter is before the court on a civil complaint filed by a prisoner incarcerated in El Dorado Corrections Facility in El Dorado, Kansas. Plaintiff is represented by counsel and has paid the $250.00 district court filing fee.

    Notwithstanding plaintiff's payment of the district court filing fee, the court is required to screen the complaint and dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). *See* <u>Plunk v. Givens</u>, 234 F.3d 1128 (10th Cir. 2000)(28 U.S.C. 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee).

    In this action, plaintiff seeks declaratory judgment and damages for defendants' alleged violation of plaintiff's rights under the Fifth, Eighth, and Fourteenth Amendments.

The Prison Litigation Reform Act (PLRA), effective April 26, 1996, mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). *See also*, Booth v. Churner, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). "The Supreme Court has held that [42 U.S.C.] 1997e(a) makes exhaustion 'mandatory' for all 'inmate suits about prison life.'" Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003)(*quoting* Porter v. Nussle, 534 U.S. 516, 524, 532 (2002)). The exhaustion of remedies required under 42 U.S.C. 1997e(a) thus applies to all prisoner cases challenging conditions of confinement, regardless of whether the filing fee has been paid.

Plaintiff bears the burden of pleading exhaustion of administrative remedies, and "must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele, 355 F.3d at 1211. Full exhaustion of administrative remedies on all claims is required. *See* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)("total exhaustion" rule applies to 1997e(a)).

Because plaintiff identifies no resort to administrative

remedies on the claims asserted in the complaint, the court finds the complaint is subject to being summarily dismissed without prejudice absent supplementation of the complaint to sufficiently demonstrate plaintiff's compliance with 42 U.S.C. 1997e(a).  *See* <u>Anderson v. XYZ Correctional Health Services, Inc.</u>, 407 F.3d 674, 683 (4th Cir. 2005)("PLRA's exhaustion-of-remedies requirement does not impose a heightened pleading obligation on an inmate. Instead, an inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.").

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted thirty (30) days to show cause why the complaint should not be dismissed without prejudice pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 14th day of June 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge